UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WANDA M. ALLEN,           ) | |
|                ) | |
|     Petitioner,         ) | |
|                ) | |
|     v.                 ) | Civil Action No. 26-cv-11598-LTS |
|                ) | |
| CAROLINA STATE BAR, et al.,   ) | |
|                ) | |
|     Respondents.      ) | |
|                ) | |

ORDER

April 17, 2026

SOROKIN, D.J.

Pro se litigant Wanda Allen, who provides a mailing address in Albany New York, has filed a pleading captioned as petition for a writ of habeas corpus.  For the reasons set forth below, the Court DISMISSES this action.

Allen names as "Respondents" the Carolina State Bar, Wake Medical Hospital, Wells Fargo Bank, N.A., Bank of America, FDIC, U.S. Department of Justice Civil Rights Division, and Clayton Wilson.  Although the petition lacks coherency, Allen does represent that she "is no longer in physical custody of anyone Respondents."  ECF 1 at 4 (as in original).  She states that she "is still forced homelessness due to Respondents order unlawful imprisonment to strategically force foreclosure of mortgage," and that the "threat of returning to unlawful imprisonment are pending in Wake County Justice Center District Court Division with false claims court procedures."  Id. (as in original).[1]  Allen further states, "As Petitioner is presently

---

[1] Allen also submitted a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody," dated April 3, 2026, in which she indicates that she is challenging a 2021

not in custody but are still suffering violent attack under color of law and authority of the United States in such custody violating U.S. Constitution." Id. at 5 (as in original).

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Allen does not allege any facts indicating that she is presently "in custody" for habeas purposes.  Further, while a sentence yet to be served may be challenged through a petition for a writ of habeas corpus, id. at 487, Allen's vague reference to the "threat of returning to unlawful imprisonment" does not provide a basis for a federal district court to exercise its habeas jurisdiction.

Accordingly, the petition is DENIED and this action is DISMISSED.

SO ORDERED.

 /s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

---

conviction in a North Carolina state court in which she received a sentence of thirteen days.  ECF 1-3.

2